UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7684 PA (JCGx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | Kenny Jones, et al. v. Johnson & Johnson, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendants Johnson & Johnson, Janssen Research & Development, LLC (formerly known and incorrectly named as "Johnson & Johnson Pharmaceutical Research & Development, LLC"), and Janssen Pharmaceuticals, Inc. (formerly known and incorrectly named as "Ortho-McNeil-Janssen Pharmaceuticals, Inc.") ("Removing Defendants"). Removing Defendants assert that this Court has jurisdiction over the action brought against them by plaintiffs Kenny Jones, et al. ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is omplete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7684 PA (JCGx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | Kenny Jones, et al. v. Johnson & Johnson, et al. | | |

      The forty-one (41) plaintiffs in this action allege injuries and damages arising from the use of the prescription medication Levaquin® (levofloxacin) manufactured and sold by Removing Defendants. For purposes of diversity, Plaintiffs are citizens of California, New Jersey, Pennsylvania, Connecticut, Alabama, Colorado, Ohio, Kentucky, Utah, Florida, Tennessee, Arizona, Louisiana, Texas, Mississippi, Minnesota, Georgia, Iowa, Nebraska, North Carolina, and Massachusetts; Johnson & Johnson is a citizen of New Jersey; Janssen Research & Development, LLC is a citizen of Pennsylvania; Janssen Pharmaceuticals, Inc. is a citizen of Pennsylvania and New Jersey; and defendant McKesson Corporation is a citizen of Delaware and California.

      The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

      "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

      Here, Defendants argue that the citizenship of the New Jersey Plaintiff and Pennsylvania Plaintiffs should be ignored for diversity purposes based on fraudulent misjoinder. In order for Plaintiffs to join their claims into a single action, the claims must (1) arise out of "the same transaction, occurrence, or series of transactions or occurrences;" and (2) contain "any question of law or fact common to all" plaintiffs. Fed. R. Civ. P. 20(a). Removing Defendants cite Eleventh Circuit and Southern District of New York cases in support of the doctrine of fraudulent misjoinder. "Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. Ala. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); In re Rezulin Prods. Liab. Litig., 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001). The Eleventh Circuit further stated, "[w]e do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." Tapscott, 77 F.3d at 1360. However, other than the Eleventh and Fifth Circuits, no other circuit court has adopted the fraudulent misjoinder doctrine; the Ninth Circuit has not expressly adopted it. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7684 PA (JCGx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | Kenny Jones, et al. v. Johnson & Johnson, et al. | | |

Caouette v. Bristol-Myers Squibb Co., 2012 U.S. Dist. LEXIS 113980, 28-33 (N.D. Cal. Aug. 10, 2012).

Several district courts "have criticized Tapscott, arguing that questions of joinder under state law do not implicate federal subject matter jurisdiction, federal jurisdiction is to be narrowly construed, and the fraudulent misjoinder doctrine has created an unpredictable and complex jurisdictional rule." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 621-22 (8th Cir. 2010) (citing cases); see also In re Yasmin & Yaz Mktg., Sales Pracs. & Prods. Liab. Litig., 779 F. Supp. 2d 846, 854-55 (S.D. Ill. 2011) (citing cases). "Many of these courts also opine that the better approach is for parties to seek severance in state court prior to removal." Id. at 855; see also Caouette, 2012 U.S. Dist. LEXIS at 28-33.

Even if the Court were to adopt the doctrine of fraudulent misjoinder and conclude that plaintiffs' claims are not properly joined in this action, it is not clear that the joinder is egregious or grossly improper. See Tapscott, 77 F.3d at 1360; Prempro, 591 F.3d at 622-24 ("absent evidence that plaintiffs' misjoinder borders on a 'sham,' [the Court] decline[s] to apply Tapscott to the instant case"). Removing Defendants have failed to carry their heavy burden of persuasion to demonstrate that the plaintiffs' joinder is egregious or grossly improper. Thus, Removing Defendants have not met their burden to establish complete diversity of citizenship between the parties.

Additionally, because McKesson is a citizen of California, there is no complete diversity of citizenship. Furthermore, even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Although Removing Defendants acknowledge in their Notice of Removal that McKesson is a citizen of California, they maintain that its citizenship should be ignored because it has been fraudulently joined.

Removing Defendants contend that McKesson may not be found liable under California state law because (1) there is no legal basis for the claims against McKesson because Plaintiffs' claims are preempted and (2) Plaintiffs have failed to allege any factual basis for the claims asserted against McKesson. The Court finds that Removing Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiffs may prevail on any of their claims against McKesson.

Here, the Complaint alleges that McKesson was engaged in the business of marketing, distributing, labeling, and/or selling Levaquin.® (Compl. ¶ 70.) Plaintiffs allege Strict Products Liability, Negligence, Breach of Implied Warranty, Breach of Express Warranty, Deceit by Concealment, Negligent Misrepresentation, Fraud by Concealment, Violation of Cal. Bus. & Prof. Code § 17200, Violation of Cal. Bus. & Prof. Code § 17500, Violation of Cal. Civil Code § 1750, Loss of Consortium, and Wrongful Death causes of action against all defendants collectively.

Removing Defendants argue that Plaintiffs' claims premised on a failure to warn are preempted pursuant to PLIVA, Inc. v. Mensing, 131 S. Ct. 2567, 180 L. Ed. 2d 580 (2011). In Mensing, the U.S. Supreme Court held that because generic manufacturers of pharmaceuticals approved by the Food and Drug Administration ("FDA") have no power to effectuate unilaterally a label change – being instead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7684 PA (JCGx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | Kenny Jones, et al. v. Johnson & Johnson, et al. | | |

required by law to use the same label and warnings as those approved by the FDA with respect to the brand-name version of the drug – the plaintiffs' state law claims premised on a failure to warn theory were preempted. The Court is unpersuaded by Removing Defendants' argument that all of the claims against McKesson are preempted by the Supreme Court's decision in Mensing. Furthermore, a preemption defense goes to the merits of a plaintiff's case and cannot overcome the strong presumption against removal jurisdiction. Hunter v. Philip Morris USA, 582 F.3d 1039, 1045 (9th Cir. 2009); Armstrong v. McKesson Corp., 2013 U.S. Dist. LEXIS 120395 (N.D. Cal. Aug. 23, 2013).

Removing Defendants' further argue that Plaintiffs have failed to allege any factual basis for the claims asserted against McKesson. However, Removing Defendants have not shown that Plaintiffs would not be afforded leave to amend. A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159.

Under California law, strict products liability "extends to nonmanufacturing parties outside the vertical chain of distribution of a product, which play an integral role in the 'producing and marketing enterprise' of a defective product and who profit from placing the product into the stream of commerce." Bay Summit Cmty. Ass'n v. Shell Oil Co., 51 Cal. App. 4th 762, 773, 59 Cal. Rptr. 2d 322 (1996) (quoting Kasel v. Remington Arms Co., 24 Cal. App. 3d 711, 724, 101 Cal. Rptr. 314 (1972)). "In applying this stream of commerce theory, the courts have eschewed legal labels and have taken a very practical approach, focusing on the actual connection between the defendant's activities and the defective product." Bay Summit, 51 Cal. App. 4th at 774. "California law has long provided that manufacturers, distributors, and retailers have a duty to ensure the safety of their products, and will be held strictly liable for injuries caused by a defect in their products." O'Neil v. Crane Co., 53 Cal. 4th 335, 342, 135 Cal. Rptr. 3d 288, 266 P.3d 987 (Cal. 2012).

Construing the allegations in the Complaint in the light most favorable to Plaintiffs, a trier of fact could find that McKesson benefitted financially from its role in the distributing and marketing of Levaquin®, that its representations and input were integral to bringing the product to the consumer market, and that it had an ability to influence to manufacturing or distribution process. Accord Marble v. Organon USA, Inc., 2012 U.S. Dist. LEXIS 83520 (N.D. Cal. June 15, 2012) ("While Merck defendants argue that plaintiffs have failed to allege any viable claims against McKesson, plaintiffs have actually stated multiple viable claims against McKesson, including strict liability for failure to warn and negligence.").

Accordingly, Removing Defendants have failed to meet their burden to demonstrate that McKesson is fraudulently joined.

Based on the foregoing, the Court remands this action to the Los Angeles County Superior Court, Case No. BC521609, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.